## CITY OF EAST LIVERPOOL, OHIO, v. PITT CONST. CO.

(Circuit Court of Appeals, Sixth Circuit.   December 5, 1922.)

No. 3685.

1. **Contracts ⊕212(1)—Contemplation of parties not sole test to determine reasonableness of time in building contract.**

   The time contemplated by the parties to a contract for the superstructure of a building as the time within which the foundations would be completed is, in the normal case, one test of a reasonable time, but is not necessarily the sole and final test.

2. **Contracts ⊕212(1)—Conditions met during performance must be considered in determining reasonable time for completion of building contract.**

   The question whether the time taken for the completion of the foundation of a building was a reasonable time must take into account the conditions encountered while the contract was being performed, if the one charged with the performance in preparing therefor and in meeting the conditions when they did occur exercised reasonable care, which an ordinarily prudent person would have exercised under like conditions.

3. **Contracts ⊕353(6)—Instruction held to exclude difficulties met in performing building contract in determining reasonableness of time of completion.**

   In an action by the contractor for the superstructure of a building against the owner for damages caused by delay in completing the foundation of the building, a general instruction that, in determining what was a reasonable time for completion of the foundation, the jury should consider all the circumstances, including the conditions existing when the contract was made, and all conditions then known to either of the contracting parties, or which they ought to have known as such conditions subsequently develop, and so far as they were matters within the contemplation of the respective parties, when considered with a supplemental instruction that the reasonable time actually contemplated by the parties, when once ascertained by the jury, becomes an immovable date for the admeasurement of the rights and obligations of the parties, not to be moved forward, in view of difficulties that may have hindered or impeded the foundation work, was erroneous, as leaving out of the question the foreseeable difficulties actually met in the performance of the work, even though, in anticipating and preparing for them, reasonable care had been exercised.

4. **Contracts ⊕212(1)—Possibility of foreseeing difficulties does not exclude their consideration in determining reasonable time of completing building contract, if diligence was used.**

   The fact that the conditions which delayed the completion of the foundations for the building which plaintiff was to erect thereon beyond the time fixed by the foundation contract were reasonably to be anticipated by the parties to the contract for the superstructure when the same was made does not prevent the consideration of those conditions in determining a reasonable time for the completion of the foundations, unless the foundation contractor failed to exercise reasonable care and diligence in preparing to meet those conditions.

5. **Appeal and error ⊕930(1)—Testimony must be interpreted most favorably to appellee.**

   On writ of error to review a judgment for plaintiff in an action for delay in completing the foundations on which plaintiff was to erect a building, the testimony must be viewed in the light most favorable to plaintiff in determining whether there was evidence to show that the foundation contractor had used due diligence in preparing to meet foreseeable difficulties in the erection of the foundations.

---

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Northern District of Ohio; D. C. Westenhaver, Judge.

Action at law by the Pitt Construction Company against the City of East Liverpool, Ohio. Verdict and judgment for plaintiff, and defendant brings error. Reversed, and new trial ordered.

Perry L. Rigby, City Sol., of East Liverpool, Ohio, and Clan Crawford, of Cleveland, Ohio (Squire, Sanders & Dempsey, of Cleveland, Ohio, on the brief), for plaintiff in error.

W. B. Turner, of Dayton, Ohio (Lones, Hill & Davidson, of East Liverpool, Ohio, and E. H. & W. B. Turner, of Dayton, Ohio, on the brief), for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. On November 17, 1915, the parties contracted in writing for the building by the Pitt Construction Company for the city of East Liverpool of the superstructures for a pumping station and filter plant—such superstructures to be completed within a certain number of weeks after the foundations therefor should be completed. The city had, with plaintiff's knowledge, previously contracted with Gillespie & Co. for the construction of the foundations for these two superstructures, such foundations to be completed by April 28, 1916. The foundations were not completed until a considerable time thereafter, and plaintiff was thereby delayed in building the superstructures. The city consented to a delay by Gillespie & Co., but, as contended by plaintiff, without its consent. It brought this suit to recover damages for such delay in having the foundations ready for the superstructures. There were verdict and judgment for plaintiff.

Defendant concedes that plaintiff duly performed its contract and that it was entitled to the entire contract price. The contract between the parties hereto did not specify the time when the foundations were to be ready for the superstructures. It is conceded by counsel, and was so held by the trial judge, that as resulting from this condition the city will be deemed to have contracted with plaintiff that the foundations should be ready for the superstructures within a reasonable time, what is a "reasonable time" depending upon the circumstances of the individual case. Allegheny Co. v. Raymond Co. (C. C. A. 2) 219 Fed. 477, 480, 135 C. C. A. 189, 192. For the purposes of this review, the case is not taken out of the general rule by the fact that the plaintiff was not a party to the Gillespie contract. The only question presented relates to the charge of the court as given, and the refusal to give certain instructions requested by defendant, upon the subject of "reasonable time."

The general instruction was in substance that in determining what was reasonable time the jury should consider all the facts and circumstances, including the conditions as existing when the contract was made, the discussions between the parties as to what was reasonable time, as to what the time was within which the other contractor had agreed to have the foundations completed, and all the conditions then known to either of the contracting parties, or which, by the exercise of

reasonable foresight, the contracting parties ought to have known, as such conditions "appear in the case and as they subsequently developed, so far as they are matters that were within the contemplation of the respective parties, or ought to have been foreseen by the respective contracting parties," and that the jury should determine from such consideratიons "what was a reasonable time within the contemplation of both parties as to the date within which the structure should be furnished and delivered in a condition of substantial completeness." The court further said; by what we shall call a "supplemental instruction":

"But the reasonable time which you are to ascertain, as was mutually contemplated by the parties in the light of the facts and circumstances then known or reasonably to be anticipated by them, when once ascertained and fixed by *you*, becomes an immovable date for the admeasurement of the respective rights and obligations of the plaintiff and the defendant, ✴ ✴ ✴ and is not to be changed or moved forward from time to time, in view of the difficulties, or the accidents, or what not, that may have hindered or impeded the work of excavating and constructing the foundations, so as to have them in that state of reasonable and substantial completeness."

Defendant introduced substantial testimony tending to show that the foundations were completed within a reasonable time, under the conditions existing during the course of performance. There was, however, substantial evidence to the contrary. Defendant complained that weather and flood conditions and labor shortage contributed at least to the delay.

The weather and flood difficulties were three in number: On November 15, 1915, due to several days of rainy weather, the water released the earth and caused it to pile more heavily against the "Lackawanna steel arch rib" around the pump pit, the thrust thereof on the land side (which was 20 feet higher than on the river side) causing the sheeting to collapse, although the river did not overflow, but was in fact low at the time. On January 3, 1916, the river rose to a 35-foot stage above pool elevation, thereby flooding the pump pit excavation, as well as the suction pit, and on the next day the piling of the pump pit again collapsed and allowed further cave-in, extending under the side of the pumping station and causing further damage. Further injury is also said to have been caused by the presence of "winter springs" at the side of the excavation when the surface of the ground was frozen.

As to the labor shortage: There was testimony that during the months from March to December, 1916, both inclusive, the average force employed by Gillespie & Co. ranged from time to time between 25 as a minimum and 60 as a maximum (the minimum and maximum for each month being separately given); that in the latter part of April, 1916, Gillespie & Co. were unable to get union carpenters at East Liverpool (because they were all busy there), and was obliged to send from time to time to Pittsburgh for men, who sometimes would stay but one day; and that there was a general difficulty in getting men "after the spring and early summer of 1916."

The criticism of the charge is directed to the asserted exclusion (both by the refusal of request to charge and by the charge as given) of testimony of the situation as developed subsequent to the making of

the contract, and as existing at the time the foundations were actually under construction, and in limiting, as is contended, the definition of reasonable time to what the parties contemplated at the time the contract was made would be such reasonable time. The refused instructions were to the effect that, in determining what was a reasonable time for such work, there must be considered "all the circumstances at the time the work was being performed, including any material difficulties and hazards attending it and frustrating attempts at performance, if the same are disclosed by the evidence," and that if, after the Gillespie contract was let, the construction of the foundations "proceeded and was completed with reasonable skill and diligence, in view of all the circumstances existing at the time the work was being done," the plaintiff could recover no damages by reason of the noncompletion of the foundations until after "on or about May 1, 1916."

[1] In our opinion, what we have spoken of as the "general instruction" is a correct statement of the broad and general rule, except so far as it may contain statements inconsistent with what is later said in the opinion regarding the "supplemental" instruction. In the normal case, one test of reasonable time is the time within the contemplation of the parties in making the contract.

"If they then talked it over and understood it alike, while that fact would not fix the exact limit, it would show about what they understood it would be." Eppens v. Littlejohn, 164 N. Y. 187, 195, 58 N. E. 19, 22 (52 L. R. A. 811).

The time contemplated by the parties when the contract was made is not, however, necessarily the sole and final test. It is usually but one element in such determination.

[2] The question whether the time taken for performance was reasonable or not must take into account all the circumstances and conditions encountered at the time the contract was being performed, provided, at least, that the one charged with such performance, in preparing therefor, and in meeting the conditions when they did occur, exercised the reasonable care which an ordinarily prudent person would have exercised under like conditions. The Richland Queen (C. C. A. 2) 254 Fed. 668, 166 C. C. A. 166; Empire Transportation Co. v. Philadelphia, etc., Co. (C. C. A. 8) 77 Fed. 919, 23 C. C. A. 564, 35 L. R. A. 623.

"In deciding whether an undertaking has been performed within reasonable time, the material difficulties and hazards attending it, the amount of diligence used, and frustrated attempts at performance should be considered." 13 Corpus Juris, § 782, pp. 685, 686.

[3] We think, however, that the jury was quite likely to be misled by what we have termed the "supplemental instruction," in its declaration that the "reasonable time" actually contemplated by the parties, when once ascertained by the jury, "becomes an immovable date for the admeasurement" of the rights and obligations of the parties, "not to be moved forward from time to time, in view of the difficulties or the accidents, or what not, that may have hindered or impeded the work of excavating and constructing the foundations." This instruction not only seems incorrectly to assume that the jury could ascertain with reasonable certainty a fixed and immovable date as within the

contemplation of the parties when the contract was made, but it apparently leaves out of question the foreseeable difficulties actually met in the performance of the work, even though in anticipating and preparing for them there had been exercised the reasonable care above mentioned. This error was, we think, emphasized by the refusal to give the requested instructions, whose substance we have above stated, and which we think should have been given, but qualified by the consideration of due care in preparing for and meeting the situation encountered, and, in our opinion, this error was not necessarily cured by the fact, if such it was, that the labor and weather difficulties encountered should have been foreseen by the exercise of due care.

[4] Conceding, for the purposes, at least, of this opinion, that upon the record as presented on the trial there was no substantial evidence that the labor and weather conditions encountered by Gillespie & Co. were not reasonably to be anticipated by the parties to the contract in suit when the same was made, it does not, in our opinion, follow that these conditions must be laid out of account in determining what was a reasonable time for the completion of the foundations, unless there was an absence of evidence to support a conclusion that Gillespie & Co., in preparing to meet the same, exercised the measure of care and diligence to which we have referred.

[5] Upon a careful consideration of all the testimony, and interpreting it, as we must (for the purposes of this review), most favorably to defendant, we are unable to say that there was no substantial evidence in favor of a conclusion that Gillespie & Co. did exercise such care and diligence. We therefore cannot say that defendant was not prejudiced by the charge and refusal to charge complained of.

For the errors in that respect the judgment of the District Court must be reversed and a new trial ordered.